**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITFIELD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STRONGBRIDGE BIOPHARMA PLC, ) <br> GARHENG KONG, DAVID GILL, JOHN H. ) <br> JOHNSON, JEFFREY W. SHERMAN, ) <br> MÅRTEN STEEN, and HILDE H. ) <br> STEINEGER, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on May 24, 2021 (the "Proposed Transaction"), pursuant to which Strongbridge Biopharma plc ("Strongbridge" or the "Company") will be acquired by Xeris Pharmaceuticals, Inc. ("Parent"), Xeris Biopharma Holdings, Inc. ("Holdco"), and Wells MergerSub, Inc. ("Merger Sub," and together with Parent and Holdco, "Xeris").

2. On May 24, 2021, Strongbridge's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a transaction Agreement (the "Agreement") with Xeris. Pursuant to the terms of the Agreement, HoldCo will acquire the entire issued and to be issued ordinary share capital of Strongbridge.

3. On July 29, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Strongbridge common stock.

9. Defendant Strongbridge is a public limited company incorporated in Ireland and a party to the Agreement. Strongbridge's common stock is traded on NASDAQ, which is headquartered in New York, New York, under the ticker symbol "SBBP."

10. Defendant Garheng Kong is Chairman of the Board of the Company.

11. Defendant David Gill is a director of the Company.

12. Defendant John. H. Johnson is Chief Executive Officer and a director of the Company.

13. Defendant Jeffrey W. Sherman is a director of the Company.

14. Defendant Mårten Steen is a director of the Company.

15. Defendant Hilde H. Steineger is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

17. Strongbridge is a global commercial-stage biopharmaceutical company focused on the development and commercialization of therapies for rare diseases with significant unmet needs.

18. On May 24, 2021, Strongbridge's Board caused the Company to enter into the Agreement.

19. Pursuant to the terms of the Agreement, HoldCo will acquire the entire issued and to be issued ordinary share capital of Strongbridge.

20. According to the press release announcing the Proposed Transaction:

> Xeris Pharmaceuticals, Inc. (Nasdaq: XERS), a pharmaceutical company leveraging its novel formulation technology platforms to develop and commercialize ready-to-use injectable drug formulations, and Strongbridge Biopharma plc (Nasdaq: SBBP), a global commercial-stage biopharmaceutical company focused on the development and commercialization of therapies for rare diseases with significant unmet needs, today announced that they have entered into a definitive agreement under which Xeris will acquire Strongbridge for stock and contingent value rights ("CVRs"). The agreement, including the maximum aggregate amount payable under the CVRs, values Strongbridge at approximately $267 million based on the closing price of Xeris Shares of $3.47 on May 21, 2021

3

and Strongbridge's fully diluted share capital. The transaction, which has been unanimously approved by the boards of directors of both companies, with the exception of Jeffrey W. Sherman, M.D., a director in common to both companies, who abstained from the voting, is expected to close early in the fourth quarter of 2021, subject to the satisfaction of closing conditions. Upon close of the transaction, the businesses of Xeris and Strongbridge will be combined under a new entity to be called Xeris Biopharma Holdings, Inc. ("Xeris Biopharma Holdings").

Under the terms of the agreement, at closing, Strongbridge Shareholders will receive a fixed exchange ratio of 0.7840 Xeris Biopharma Holdings Shares for each Strongbridge Share they own. Based on the closing price of Xeris Shares on May 21, 2021, this represents approximately $2.72 per Strongbridge Share and a 12.9% premium to the closing price of Strongbridge Shares on May 21, 2021. Strongbridge Shareholders will also receive 1 non-tradeable CVR for each Strongbridge Share they own, worth up to an additional $1.00 payable in cash or Xeris Biopharma Holdings Shares (at Xeris Biopharma Holdings' election) upon achievement of the following triggering events: (i) the listing of at least one issued patent for KEVEYIS® in the U.S. Food & Drug Administration's Orange Book by the end of 2023 or at least $40 million in KEVEYIS® annual net sales in 2023 ($0.25 per Strongbridge Share), (ii) achievement of at least $40 million in RECORLEV® annual net sales in 2023 ($0.25 per Strongbridge Share), and (iii) achievement of at least $80 million in RECORLEV® annual net sales in 2024 ($0.50 per Strongbridge Share). The minimum payment on the CVR is zero and the maximum payment is $1.00 in cash or Xeris Biopharma Holdings Shares at Xeris Biopharma Holdings' election.

Upon close of the transaction, current Xeris Shareholders are expected to own approximately 60% of the combined company, while current Strongbridge Shareholders are expected to own approximately 40%. . . .

Upon close of the transaction, the businesses of Xeris and Strongbridge will be combined under Xeris Biopharma Holdings, which will be incorporated in Delaware and will continue to have its principal executive offices in Chicago, Il. On close, Xeris shareholders will exchange each Xeris Share they own for 1 Xeris Biopharma Holdings Share. . . .

Closing and Approval

The transaction is expected to close early in the fourth quarter of 2021, subject to the Conditions set out in Appendix III of this announcement, including approval by Xeris Shareholders and Strongbridge Shareholders. . . .

Advisors

SVB Leerink LLC is acting as financial advisor to Xeris, and Goodwin Procter LLP and A&L Goodbody LLP are serving as legal counsel. MTS Health Partners, LP is

acting as financial advisor to Strongbridge, and Skadden, Arps, Slate, Meagher & Flom, LLP and Arthur Cox LLP are serving as legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

21.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

22.     As set forth below, the Proxy Statement omits material information.

23.     The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, MTS Health Partners.

24.     With respect to MTS Health Partners' Discounted Cash Flow Analysis of the Company, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates; and (ii) the basis for assuming no terminal value.

25.     With respect to MTS Health Partners' Public Trading Comparable Companies Analysis of the Company, the Proxy Statement fails to disclose the individual multiples and metrics for the companies.

26.     With respect to MTS Health Partners' Precedent M&A Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions.

27.     With respect to MTS Health Partners' Discounted Cash Flow Analysis of Xeris, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates; and (ii) the basis for assuming no terminal value.

28.     With respect to MTS Health Partners' Public Trading Comparable Companies Analysis of Xeris, the Proxy Statement fails to disclose the individual multiples and metrics for the companies.

29.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

30. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

31. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Strongbridge

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Strongbridge is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Strongbridge within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Strongbridge and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 27, 2021                              **RIGRODSKY LAW, P.A.**

                                        By:  */s/ Gina M. Serra*
                                             Seth D. Rigrodsky
                                             Timothy J. MacFall
                                             Gina M. Serra
                                             Vincent A. Licata
                                             825 East Gate Boulevard, Suite 300
                                             Garden City, NY 11530
                                             Telephone: (516) 683-3516
                                             Email: sdr@rl-legal.com
                                             Email: tjm@rl-legal.com
                                             Email: gms@rl-legal.com
                                             Email: vl@rl-legal.com

                                             *Attorneys for Plaintiff*